UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-220-JBC

SHERRY LOU BLANTON,                                                                                    PLAINTIFF,

V.                            MEMORANDUM OPINION & ORDER

MICHAEL J. ASTRUE,                                                                                     DEFENDANT.
COMMISSIONER OF SOCIAL SECURITY,

\* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Sherry Blanton's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 13, and deny Blanton's motion, R. 12, because substantial evidence supports the administrative decision.

On the date of her application for SSI, Blanton was thirty-five years of age and had a high school education. AR 368. She had no past relevant work history. *Id*. She alleged disability beginning January 1, 2000, due to diabetes, asthma, panic attacks, depression and pain in her knees and back. AR 55, 359. She filed her claim on January 5, 2006; that claim was denied initially on April 28, 2006, and again upon reconsideration on June 20, 2006. AR 33-34. After a hearing on May 2, 2007, Administrative Law Judge ("ALJ") Frank Letchworth determined that Blanton was not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 20. That denial decision was reversed and remanded to the Commissioner for

1

further consideration. *See Blanton v. Astrue*, London Civil Action No. 08-68-GWU (E.D. Ky. October 8, 2008). After another hearing on March 27, 2009, the ALJ again determined that Blanton was not disabled since her January 6, 2006, protective filing date. AR 369. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Blanton had not engaged in substantial gainful activity since the application filing date, AR 360; that she had severe impairments including low back pain due to mild disc bulge at L5-S1, diabetes mellitus, obesity, generalized anxiety disorder, and dependent personality traits, *Id.*; that her impairments alone or in combination do not meet or equal a section of the Listing of Impairments, AR 365; that she had the residual functional capacity ("RFC") to perform a restricted range of medium-level work, AR 366, even though she had no history of past relevant work, AR 368; and that based on her RFC, jobs exist in significant numbers in the national economy that she can perform, *Id*. The ALJ thus again denied her claim for SSI on July 20, 2009, AR 369. The Appeals Council found no reason to assume jurisdiction on November 9, 2010, AR 350, and Blanton commenced this action.

Blanton challenges the ALJ's ruling on the ground that the ALJ failed to follow the court's instructions on remand because the hypothetical question upon which the denial decision rests did not fairly reflect the restrictions assessed by the sources upon whom the ALJ intended to rely.

2

In its prior decision, this court reversed and remanded the administrative denial decision because the ALJ erred in evaluating Blanton's mental condition.  AR 389-391.  However, that decision did not require the ALJ to take a particular action or adopt certain findings. AR 382-391.  Examination of the record indicates that the ALJ acted properly to carry out the court's remand order and that the hypothetical factors presented to the vocational expert fairly characterized Blanton's mental condition.

Blanton asserts that the ALJ purported to rely upon the opinion of Psychologist Jeanne Bennett, an examining consultant, but failed to include within the hypothetical question a restriction reflecting a moderately impaired ability to tolerate the stress and pressure of day-to-day employment which Bennett noted. AR 161.  The hypothetical question initially presented to Vocational Expert ("VE") William Ellis included an exertional restriction to medium-level work along with a number of non-exertional limitations related to Blanton's mental and physical condition.  AR 608-609.  A significant number of jobs was identified as remaining available.  AR 609-610.  Bennett's restriction concerning stress and pressure was not initially presented.  However, the ALJ then added a restriction concerning a moderately limited ability to tolerate the stress and pressure of day-to-day employment.  AR 610-611.  The VE reported that the addition of this limitation would not affect one's ability to perform the jobs cited in response to the initial hypothetical question.  AR 611.  Bennett's finding was included in the ALJ's RFC. AR 366.  Thus, the hypothetical question did fairly reflect Bennett's opinion.

3

Blanton also argues that the hypothetical question did not fairly reflect the opinions of Laura Cutler and Lea Perritt, the non-examining medical reviewers, as the ALJ intended.  Both Cutler and Perritt indicated in Section III of their Mental Residual Functional Capacity Assessments that Blanton would be able to understand and remember simple instructions, sustain attention and concentration for extended periods of two-hour segments for simple tasks, tolerate co-workers and supervisors in a non-public setting, and adapt to changes as needed within the above parameters.  AR 296, 301.  In particular, Blanton notes that the hypothetical question did not include the full restriction concerning sustaining attention for two-hour segments.  She cites *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) in support of her claim that such streamlining of the reviewer's limitations was erroneous.  However, the ALJ did not indicate an intention to rely fully upon the opinion of the medical reviewers.  The ALJ merely stated that these assessments did not reveal the existence of disabling mental restrictions.  AR 368.  While agency medical and psychological consultants are recognized as highly qualified experts in the area of disability determination, an ALJ is not bound by the opinion of a non-examining medical reviewer.  *See* 20 C.F.R. § 416.927(e)(2)(i).  The ALJ's findings are compatible with the restrictions identified by Bennett.  To the extent that some discrepancy might exist between Bennett's findings and those of the medical reviewers, more weight may be given to examining sources.  *See* 20 C.F.R. § 416.927(c)(1).  Thus, the ALJ could rely upon Bennett, the examiner, over the opinions of the non-examining medical reviewers; the court  finds no error.

4

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Blanton's motion for summary judgment, R. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **GRANTED**.

The court will enter a separate judgment.

Signed on June 19, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY